IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

```
ROBERT STOKES,                    )
                                  )
Petitioner,                       )
                                  )
vs.                               )   NO. 2:03-CV-467
                                  )       (2:99-CR-36)
UNITED STATES OF AMERICA,         )
                                  )
Respondent.                       )
```

## OPINION AND ORDER

This matter is before the Court on the Notice of Appeal, filed by Petitioner on March 16, 2005. For the reasons set forth below, the Court **DENIES** Petitioner, Robert Stokes, a certificate of appealability.

BACKGROUND

Petitioner, Robert Stokes, was convicted of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. section 841(a)(1) and 21 U.S.C. section 846. He was allegedly offered a plea agreement stating he would be charged with only one count of a violation of 21 U.S.C. 843 if he pled guilty. Stokes did not accept the plea offer and was convicted by a jury. Stokes subsequently filed a pro se motion for a new trial, alleging he had ineffective assistance of counsel because his attorney refused to call six

witnesses allegedly known to counsel.  The motion was denied and Stokes appealed.  The Seventh Circuit Court of Appeals affirmed the denial of his new trial motion, stating that "[b]ecause trial counsel's decision not to call the proposed witnesses constituted 'sound trial strategy,' Mr. Stokes was not denied effective assistance of trial counsel." *See United States v. Stokes*, 64 Fed. Appx. 585, 593 (7th Cir. 2003) (citation omitted) (unpublished opinion).[1]

Stokes subsequently filed a 28 U.S.C. section 2255 petition, requesting this Court hold an evidentiary hearing, appoint him counsel, and vacate, set aside, or correct his sentence.  He alleged his court-appointed trial counsel gave ineffective assistance regarding Stokes' decision not to accept the plea offer.  Specifically, Stokes alleged that before he made his decision not to accept the plea offer, his attorney represented to him that the attorney would call six witnesses at trial, but then refused to do so.  Finding Stokes' arguments unpersuasive, this Court denied Stokes' section 2255 petition.  Stokes filed the instant motion requesting this Court issue him a certificate of appealability concerning whether there was a reasonable probability Stokes would have accepted the alleged proposed plea agreement absent defense counsel's advice.

---

[1] This unpublished opinion is cited for the purpose of applying the law of the case, as discussed *infra*. *See* Circuit Rule 53(b)(2)(iv)(A) ("[u]npublished orders . . . (iv) Except to support a claim of res judicata, collateral estoppel, or law of the case, shall not be cited or used as precedent (A) in any federal court within this Circuit in any written document or in oral argument . . . .").

DISCUSSION

A movant seeking to appeal the denial of a section 2255 motion must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1). Petitioner may obtain a certificate of appealability "only if [he] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Herrera v. United* States, 96 F.3d 1010, 1012 (7th Cir. 1996); *United States v. Maloney*, No. 97 CV 7142, 1998 WL 748265, at *1 (N.D. Ill. Oct. 21, 1998). To satisfy the standard, Petitioner must demonstrate that the issue he wishes to appeal is "debatable among jurists of reason" or that a court could "resolve the issues" differently, or that the questions in his request are "adequate to deserve encouragement to proceed further." *Porter v. Gramley,* 112 F.3d 1308, 1312 (7th Cir. 1997) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n.4 (1983)); *Herrera*, 96 F.3d at 1012. In his request, Stokes raises again the identical argument this Court rejected in denying his section 2255 petition. As explained below, this Court rejects this same argument in the current context.

In denying Stokes' section 2255 petition, this Court found that law of the case applied to a portion of Stokes' argument. The Seventh Circuit Court of Appeals decided on direct appeal that the attorney's decision not to call certain witnesses was appropriate. *See Stokes*, 64 Fed. Appx. 589-93. Stokes once again raises this argument in his notice of appeal. However, as this Court originally held, this Court generally cannot reconsider issues decided on direct appeal. *See*

-3-

*Taylor v. United States*, 798 F.2d 271, 273 (7th Cir. 1986) (citations omitted). Petitioner has not argued there has been any changed circumstance of fact or law that would necessitate deviating from the general rule.

In denying the remainder of Stokes' section 2255 petition, this Court found Stokes failed to satisfy the prejudice requirement because he did not show (1) through objective evidence that (2) there was a reasonable probability he would have accepted the proposed plea agreement absent defense counsel's advice. *See Paters v. United States*, 159 F.3d 1043, 1047 (7th Cir. 1998); *Toro v. Fairman*, 940 F.2d 1065, 1068 (7th Cir. 1991); *Johnson v. Duckworth*, 793 F.2d 898, 902 n.3 (7th Cir. 1986). This Court found that the self-serving statements made by Stokes in his motion clearly did not pass the objective evidence test as stated in *Toro*. In fact, Stokes' attorney did not come forward and verify the allegations; the attorney's allegations were contrary to Stokes' allegations. As for *Toro's* objective evidence test that applies to this case, Stokes provides no legal authority to the contrary, and once again fails to point to any objective evidence that the law requires.

Upon due consideration, the Court finds the aforementioned analysis employed to deny Stokes' section 2255 is not: (1) debatable among jurists of reason; (2) questionable such that another court could resolve the issues differently; or (3) questionable such that Stokes deserves encouragement to proceed further. *Porter*, 112 F.3d

-4-

at 1312; *Herrera*, 96 F.3d at 1012.  Accordingly, Stokes has not met the "substantial showing" necessary to receive a certificate of appealability.  *Id.*  As a result, his request is denied.

**DATED:  May 3, 2005**          **S/RUDY LOZANO, Judge**
                                 **United States District Court**